

# Notice of Service of Process

null / ALL
**Transmittal Number: 19650569**
Date Processed: 04/15/2019

| | |
|---|---|
| **Primary Contact:** | Suzanne Beaven<br>AXIS<br>11680 Great Oaks Way<br>Ste 500<br>Alpharetta, GA 30022 |
| **Electronic copy provided to:** | Sharon Coleman<br>Frances Mathis |
| **Entity:** | AXIS Insurance Company<br>Entity ID Number  2563872 |
| **Entity Served:** | Axis Insurance Company d/b/a Ski Safe Insurance |
| **Title of Action:** | Ralf Vollandt vs. Axis Insurance Company doing Business as Ski Safe Insurance |
| **Document(s) Type:** | Citation |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Denton County District Court, TX |
| **Case/Reference No:** | 19-2631-158 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 04/12/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | David S. Kohm<br>817-226-8100 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Exhibit "B"

## CITATION –TRC 99 and 106

THE STATE OF TEXAS                            COUNTY OF DENTON

**CAUSE NO. 19-2631-158**

**TO: Axis Insurance Company D/B/A Ski Safe Insurance by serving Corporation Service Company at 211 E 7th St Ste 620 Austin TX 78701 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

| | |
|---|---|
| Court: | 158th Judicial District Court<br>1450 E. McKinney, 3rd Floor, Denton, TX 76209 |
| Cause No.: | 19-2631-158 |
| Date of Filing: | March 21, 2019 |
| Document: | Plaintiff's Original Petition and Written Request for Discovery to Defendant |
| Parties in Suit: | Ralf Vollandt; Axis Insurance Company D/B/A Ski Safe Insurance |
| Clerk: | David Trantham, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | David S. Kohm<br>1414 W. Randol Mill Rd., Ste. 118, Arlington, TX 76012 |

Issued under my hand and seal of this said court on this the 22nd day of March, 2019.

David Trantham, District Clerk
Denton, Denton County, Texas

BY: _____, Deputy
Shelley McCutcheon

### Service Return

Came to hand on the _____ day of _____, 20___, at _____ m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____

_____ in person a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition and Written Request for Discovery to Defendant, at _____.

Service Fee: $ _____             _____ Sheriff/Constable
                                           _____ County, Texas

Service ID No. _____                           Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20___

_____ Notary Public

FILED: 3/21/2019 4:52 PM
David Trantham
Denton County District Clerk
By: Shelley Mccutcheon, Deputy

CAUSE NO. 19-2631-158 _____

| | |
|---|---|
| RALF VOLLANDT <br><br> vs. <br><br> AXIS INSURANCE COMPANY DOING BUSINESS AS SKI SAFE INSURANCE | IN THE DISTRICT COURT <br><br> \_\_\_\_ JUDICIAL DISTRICT <br><br> DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION
## AND WRITTEN REQUEST FOR DISCOVERY TO DEFENDANT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, the above captioned Plaintiff complaining of and against the above captioned Defendant, and for cause of action would respectfully show the Court as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under **Level 2** as provided by TEX. R. CIV. P. 190, and affirmatively pleads that this suit is NOT governed by the expedited-action process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.

### CLAIM FOR RELIEF

2. Plaintiff prefers to have the judge or jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the judge or jury's hands. However, Rule 47 of the Texas Rules of Civil Procedure *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that relief over $100,000 but not more than $500,000, in amount to be determined by the judge or jury, is being sought.

## PARTIES

3. <u>Plaintiff:</u> Ralf Vollandt is an individual residing in Germany.

4. <u>Defendant:</u> AXIS INSURANCE COMPANY does business as SKI SAFE INSURANCE, hereafter referred to as "Ski Safe," is an insurance company licensed to issue insurance policies in the State of Texas. Defendant may be served with process by serving its registered agent for service, **Corporation Service Company** at **211 East 7th Street Suite 620, Austin, TX 78701** or wherever said agent may be located within the State of Texas. <u>**Issuance of citation is requested at this time.**</u>

5. Plaintiff specifically invokes the right to insitute suit against Defendant, Ski Safe, under the name Ski Safe or any other name which has been used to designate it. Plaintiff expressly invokes their right under Rule 28 of the Texas Rules of Civil Procedure to have the correct or true name of this party substituted at a later time upon the motion of any party or of the Court. In the event any parties are misnamed or not included in this pleading, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of the parties named in this pleading.

## JURISDICTION & VENUE

6. This Court has jurisdiction over the subject matter of this lawsuit because the amount in controversy is within the jurisdictional limits of this Court. The Court has personal jurisdiction over the Defendant because it is licensed to issue insurance policies by the State of Texas.

7. Pursuant to TEX. CIV. PRAC. & REM. CODE § 15.001 *et. seq.*, venue is proper in Tarrant County, Texas because the cause of action occurred in whole or in part in said county and/or said county is a Defendant's county of residence.

## FACTUAL BASIS SUPPORTING CLAIMS FOR RELIEF

8. On or about March 25, 2017, Plaintiff, Ralf Vollandt, was traveling in his 2006 28' Chaparral Sunesta 274 Deckboat on Lake Lewisville near the Little Elm docks in Denton County, Texas. Suddenly and unexpectedly, the boat began taking on water and the engine flooded. The boat was quickly towed toward shore. The 2006 28' Chaparral Sunesta 274 Deckboat was damaged by an underwater hazard or rogue wave, and the cost of repairs were substantially greater than the fair market value of the boat before it was damaged. Plaintiff had a policy of insurance issued by Defendant, Ski Safe, including property damage coverage.

9. Plaintiff was covered by an insurance policy issued by Defendant, Ski Safe. The policy provided Plaintiff with property damage coverage for personal injuries arising from damage to his 2006 28' Chaparral Sunesta 274 Deckboat. Plaintiff, Ralf Vollandt, demanded Defendant, Ski Safe, pay him benefits under the subject policy. All prerequisite conditions for Plaintiff's claims had been satisfied. To date, Defendant, Ski Safe, has not honored its contractual obligations to Plaintiff under the policy. Specifically, Defendant, Ski Safe, has not honored its contractual obligation to pay for damages. Further, Defendant, Ski Safe, has also failed to fulfill its obligation under Texas Law by, among other things, failing to promptly investigate and pay Plaintiff's claims.

## CLAIMS FOR RELIEF AGAINST DEFENDANT

10. Defendant, Ski Safe, is obligated to pay damages which Plaintiff is "legally entitled to recover" for damage to Plaintiff's personal property, specifically his 2006 28' Chaparral Sunesta 274 Deckboat.

## SKI SAFE'S BREACH OF CONTRACT AND VIOLATION OF TEXAS LAW

11. Defendant, Ski Safe, has materially breached its contract as stipulated under the

policy by failing to pay for damage to Plaintiff's personal property, specifically his 2006 28' Chaparral Sunesta 274 Deckboat. It has also violated its duties under the Texas Insurance Code by, among other thins, failing to promptly investigate and pay Plaintiff's claims and by refusing to discharge its duties in good faith and by fair dealing in violation of Texas Law. Moreover, Defendant, Ski Safe, has committed unfair settlement practices in violation of the Texas Insurance Code.

12. Plaintiff properly and timely notified Defendant about the collision, damages and his demand for benefits under the policy.

13. Defendant, Ski Safe's failure to timely pay Plaintiff's property damage claims constitutes a violation of Sec. 542.058 of the Texas Insurance Code. In addition to his claim for property damage, Plaintiff is entitled to interest on the amount of his claim at the rate of 18% a year as damages, together with reasonable attorney's fees. Tex. Ins. Code § 542.060.

14. Defendant, Ski Safe, owed Plaintiff a fiduciary duty because of the relationship that existed between them at the time of Plaintiff's claim for benefits. Defendant, Ski Safe, was obligated to act in good faith and deal fairly with Plaintiff. Defendant, Ski Safe, breached these duties by knowingly and intentionally denying Plaintiff's property damage claims to which he was entitled under the policy.

15. Defendant, Ski Safe, knew or should have known that there was no reasonable basis for denying Plaintiff's claims. Further, Defendant, Ski Safe, has breached its duty of good faith and fair dealing by engaging in unfair and improper settlement practices. Defendant, Ski Safe, has not made any settlement offer, or has made an improper settlement offer, based on the results of a poorly conducted investigation of the incident, injuries, and damages giving rise to Plaintiff's claims.

16. Further, Defendant, Ski Safe, has violated §542.003 (4) of the Texas Insurance Code by not attempting in good faith to effect a prompt fair and equitable settlement of a claim submitted in which liability has become reasonably clear.

17. Defendant, Ski Safe, is also in violation of §541.060 (a) of the Texas Insurance Code by committing an unfair method of competition or an unfair or deceptive act or practice in the business of insurance by engaging in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

(1) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim respect to which the insurer's liability has become reasonably clear;

(2) Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; and/or

(3) Refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

18. Defendant, Ski Safe, has knowingly and intentionally committed these violations. Therefore, Plaintiff is entitled to treble damages, court costs and reasonable attorney's fees, pursuant to §541.152 of the Texas Insurance Code.

## DAMAGES FOR PLAINTIFF

19. As a direct and proximate result of the incident Plaintiff, Ralf Vollandt, suffered damages to the personal property and loss of use of the personal property.

20. Further, Defendant's refusal to evaluate and pay the claim has resulted in Plaintiff's having to hire an attorney and file a lawsuit to recover benefits. Plaintiff is seeking reimbursement of attorney's fees and court costs.

21. Finally, Defendant's failure to promptly investigate and resolve ths claim has resulted

in economic losses to Plaintiff. Plaintiff has been unable to resolve this matter, but for business reasons he had to return to Germany. Pursuit of this matter has required travel between Texas and Germany at considerable expense to Plaintiff.

## CONDITIONS PRECEDENT

22. All conditions precedent have been met.

## REQUEST FOR DISCLOSURE

23. Pursuant to TEX. R. CIV. P. 194, each Defendant named in this pleading is requested to disclose, within 50 days of service of this request, the information or material as set forth in TEX. R. CIV. P. 194.2 (a) - (l). Each written response must be preceded by the request to which it applies.

24. The originals or copies of documents and other tangible items requested must be produced for inspection and copying at the law offices of David S. Kohm & Associates, 1414 W. Randol Mill Road, Suite 118, Arlington, Texas 76012, within 50 days after service fo this request, together with a written response.

25. No objection or assertion of privilege is permitted to a request under this rule. The response must be signed.

## INTERROGATORIES TO DEFENDANT

26. Plaintiff hereby serves the following interrogatories on Defendant, Ski Safe, pursuant to TEX. R. CIV. P. 192 and 197. Defendant is expected to answer the following interrogatories separately, fully, in writing and under oath as required by TEX. R. CIV. P. 197.2. Plaintiff requests that Defendant timely and promptly supplement answers to these interrogatories.

27. Plaintiff submits the following interrogatories to Defendant, Ski Safe:

(1) <u>Identification Information.</u> Please state the following: the name, address, telephone number, and occupation of the person answering these interrogatories.

(2) If you contend that you are entitled to any offsets or credits for any judgment that may be entered in this cause, the please state the amount of such offset or credit and the legal theory supporting your claims for such offsets or credits.

(3) Exclusionary Provisions. Please identify, by page and paragraph number any provision in the insurance policy made the basis of this lawsuit upon which you contend excludes the requesting parties claims for relief in this lawsuit.

(4) Allegations as to Injuries Made the Basis of this Lawsuit. If you contend that any damages alleged by Plaintiff were caused by an occurrence other than the incident made the basis of this lawsuit, state the factual basis supporting such contention.

(5) Impeachment Evidence. If you intend to impeach any party or person, identified as a person with knowledge of relevant facts by any party to this lawsuit, with evidence of a criminal conviction pursuant to TEX. R. EVID. 609, then describe such evidence including the name of the accused, nature of the conviction, and the charges on which convicted, year of conviction, and whether or not parole has been successfully completed.

(6) Alcohol and Drugs. Did anyone involved in the incident made the basis of this lawsuit ingest an alcoholic beverage, controlled substance, drug, prescription or non-prescription medication in the 24 hour period immediately preceding the incident made the basis of this lawsuit? If yes, please describe the type of beverage or substance and amount ingested.

(7) Identification of Investigative Material. If you or your representatives have conducted, or caused to be conducted, any investigation into the facts and circumstances surrounding the accident, state for each such investigation the following (note - the identity of the person conducting the investigation is not work product, nor is the information about witness statements):

    a. The identity (name, address, and telephone number) of the person who conducted the investigation and their title;
    b. The date or dates on which the investigation was conducted;
    c. The identity of the speaker of each statement obtained by the investigator, including the name and address of the person who made the statement, the date on which the statement was made, and whether the statement was signed; and
    d. The identity (name, address, and telephone number) of the person who has present custody of each statement obtained by the investigator.

(8) Identification of Photographic Evidence. If you or any of your representatives have obtained any photographs of the scene of the incident, any vehicle involved, the Plaintiff, or photographs that pertain to the manner in which the incident occurred,

      state for each such photograph:

      a.    The date on which the photograph was taken;
      b.    The time at which the photograph was taken;
      c.    The identity (name, address, and telephone number) of the person who took the photograph;
      d.    The nature of the scene the photograph depicts; and
      e.    The identity (name, address, and telephone number) of the person who has present custody of the photograph.

(9)   <u>Treatises, Periodicals, or Other Published Materials.</u> Please identify (by title, author, editor, edition, publisher, date of publication, section, portion and page) every published treatise, periodical, or pamphlet on a subject of history, medicine, or other science or art that you intend to offer at the trial of this case pursuant to TEX. R. EVID. 803(18).

(10)   <u>Identification of Documents.</u> Identify, with reasonable particularity, any documents which constitute or contain any evidence in support of your contention that any act or omission on the part of Plaintiff caused or contributed to the incident made the basis of this lawsuit.

(11)   <u>Identification of Documents</u> Identify, with reasonable particularity, any documents which constitute or contain any evidence in support of your contention that any factor, other than you, contributed to or was the sole cause of the incident made the basis of this lawsuit, including but not limited to, acts, or omissions of negligence of any other party or parties, third-party Defendants, sudden emergency, unavoidable accident, mechanical defect, or act of God.

(12)   <u>Identification of Documents</u> Identify, with reasonable particularity, any documents which constitute or contain any evidence in support of your contention that any factor caused or contributed to the Plaintiff's damages, including but not limited to, pre-existing or subsequently existing physical or medical condition or conditions of the Plaintiff.

(13)   <u>Identification of Documents</u> Identify, with reasonable particularity, any documents which constitute or contain any evidence in support of your contention that any of the medical expenses paid or incurred by Plaintiff for treatment of injuries allegedly resulting from the incident in question were not reasonable and/or necessary.

(14)   <u>Identification of Documents</u> Identify, with reasonable particularity, any documents which constitute or contain any evidence in support of your contention that Plaintiff's injuries, if any, were not the result of or caused by the incident made the basis of this lawsuit.

### REQUEST FOR PRODUCTION TO DEFENDANT

28. Plaintiff hereby serves Defendant, Ski Safe, with these requests for production of documents and tangible items pursuant to TEX. R. CIV. P. 196. All information responsive to these requests that is not privileged and that is in your possession, custody, or control is to be produced. Pursuant to TEX. R. CIV. P. 192.7, "possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession of the items that is equal or superior to that of the person who has physical possession of the item.

29. If any of the information is solely in electronic or magnetic form, you must produce this information by providing the information on a computer disc formatted for PC-compatible (Windows) computers with a notation identifying the computer program (including version identification) necessary to access the information.

30. All items requested are to be produced for inspection, examination, and/or coping at the law offices of David S. Kohm & Associates, located at 1414 W. Randol Mill Road, Suite 118, Arlington, Texas 76012. You are instructed to produce the original requested items at the place indicated at 10:30 a.m. on the 51st day following the date of service of this request (or, if the 51st day is on a Saturday, Sunday or legal holiday, on the first day following the 51st day that is not a Saturday, Sunday or legal holiday), or, at your option, you may attach true and correct copies of the items requested to your response.

31. Pursuant to TEX. R. CIV. P. 196.3, you must either produce the documents and tangible items as they are kept in the ordinary course of business or organize and label them to correspond to the categories in this request.

32. If any document or tangible item for which production is requested has been lost or

destroyed, for each such document, (a) state the circumstances relating to the loss or destruction of such document or tangible item, (b) the approximate date of the loss or destruction, (c) a reasonably complete description of the contents of such documents or tangible items; and (d) each and every person who has or may potentially have knowledge of relevant facts concerning the circumstances of the document's or tangible item's loss or destruction, and that person's last known address and telephone number.

33. Plaintiff submits the following requests to Defendant, Ski Safe:

(1) Produce all photographs, video, illustrations, animations, and electronic images depicting matters which are relevant to this lawsuit including the following subject matters:

  a. the location(s) where the incident which forms the basis of this lawsuit took place;
  b. the incident which forms the basis of this lawsuit, including but not limited to the event leading up to the incident which form the basis of this lawsuit as well as any of the events occurring at the scene of the incident which forms the basis of this lawsuit;
  c. the nature and extent of any damage to any vehicle involved in the incident which forms the basis of this lawsuit;
  d. any property which was damaged as a result of the incident which forms the basis of this lawsuit;
  e. any injuries sustained by any person as a result of the incident which forms the basis of this lawsuit;
  f. any party to this lawsuit;
  g. all illustrations or other graphic re-creations or animations of the incident made the basis of this lawsuit;
  h. all illustrations or other graphic re-creations or animations of any injuries sustained in the incident which forms the basis of this lawsuit; and
  i. all illustrations or other graphic re-creations or animations of any medical procedures which were undergone or may be undergone by any party to this lawsuit as a result of the incident made the basis of this lawsuit.

(2) Produce all police reports, fire department reports, and other governmental reports regarding the incident which forms the basis of this lawsuit.

(3) All records obtained from claims reporting services, including but not limited to the Southwest Index Bureau (SWIB) and Choicepoint Consumer Center (CLUE)

regarding the requesting party or any party to this lawsuit

(4) All estimates, invoices, bills, statements, receipts, payments, and other documentation detailing any property damages sustained to any vehicle involved in the incident which forms the basis of this lawsuit, including but not limited to all documents which describe, itemize, or support any claims for property damages, including documents regarding ownership of the vehicle (such as a title or duplicate title, and actual costs of repairs.

(5) A complete copy of all employment records, reports, personnel files, wage statements, or other employment documentation pertaining to the requesting party which you have obtained from any source, including subpoena, deposition, deposition by written questions, or other means.

(6) All evidence of any convictions of all parties to this lawsuit, including all plaintiffs, defendants, and all persons with knowledge of relevant facts pursuant to TEX. R. EVID. 609(f).

(7) If a scheduling order or other order of the Court has been entered in this lawsuit which requires disclosure or production of trial exhibits, then -

    a. Produce a copy of all such exhibits;
    b. Make available for inspection and photographing any models, and demonstrative aids, power point displays, animations and other demonstrative exhibits to be used at the time of trial in this case.

(8) Produce all documents you have obtained concerning the driving record of any person involved in the incident which forms the basis of this lawsuit (including your own). Your response should also include any citations that were issued arising from the incident made the basis of this lawsuit along with documents evidencing the disposition of any such citations.

(9) Produce a true, correct and complete copy of the insurance policy you contend was in effect at the time of the incident made the basis of this lawsuit.

(10) Produce a complete copy of your claims file including all correspondence, repair estimates, correspondence, electronic communications, internal memos, and photos relating to your investigation of this claim

(11) Produce all documents identified by you in response to Interrogatory Numbers 10-17 above submitted.

**REQUEST FOR ADMISSIONS TO DEFENDANT**

34. Plaintiff hereby serves the following requests for admission on Defendant, Skisafe Insurance, as allowed by Texas Rule of Civil Procedure 198. Defendant, Skisafe Insurance, must admit or deny each request, in writing, within 50 days after service:

(1) Admit or Deny that Plaintiff's 2006 28' Chaparral Sunesta 274 Deckboat was insured by a policy of insurance issued by Skisafe Insurance at the time of the incident on 3/25/2017.

(2) Admit or Deny that the policy of insurance on Plaintiff's 2006 28' Chaparral Sunesta 274 Deckboat issued by Skisafe Insurance included property damage coverage.

(3) Admit or Deny that Plaintiff's 2006 28' Chaparral Sunesta 274 Deckboat was damaged in an incident on 3/25/2017.

(4) Admit of Deny that Ski Safe owes Plaintiff benefits for the damage sustained by the 2006 28' Chaparral Sunesta 274 Deckboat on 3/25/2017.

**NOTICE OF INTENT TO UTILIZE ITEMS PRODUCED BY DEFENDANT**

35. Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter, therefore the authenticity of such items is self-proved as provided by TEX. R. CIV. P. 193.7.

**DESIGNATION OF E-SERVICE ADDRESS**

36. The following is the undersigned attorney's designated e-service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21 (f)(2) and 21a:

**lit-efile@attorneykohm.com**

37. This is the undersigned attorney's only e-service email address, and service through any other e-mail address should be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendants for the following:

1) All damages, both general and special, as alleged in this pleading, within the jurisdictional limits of this court;

2) Prejudgment and post judgment interest at the highest rate allowed by law;

3) Costs of court; and

4) Such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____
**David S. Kohm**
State Bar No. 11658563

**DAVID S. KOHM & ASSOCIATES**
1414 W. Randol Mill Road, Suite 118
Arlington, Texas 76012
Tel: (817) 226-8100  Fax: (817) 200-0111
Email: lit-efile@attorneykohm.com

ATTORNEYS FOR PLAINTIFF

**LEGAL DOCUMENT MANAGEMENT**
5930 LBJ FREEWAY SUITE #307
DALLAS, TEXAS 75240



CERTIFIED MAIL

7019 0140 0000 4211 0518

US POSTAGE $07.60
First-Class
Mailed From 75240
04/09/2019
032A 0061855100

**CORPORATION SERVICE COMPANY**
211 E. 7th STREET., #620
AUSTIN, TEXAS 78701